[L. A. No. 105. Department Two.—April 29, 1897.]

THE PEOPLE, EX REL JOSEPH LIND, RESPONDENT, v. THE CITY OF SAN LUIS OBISPO, APPELLANT.

PUBLIC NUISANCE—DISCHARGE OF SEWAGE—INJUNCTION.—Where the discharge of the sewage of a city from the sewer system constructed therein and from the vault located at the lower end thereof into a creek, is a public nuisance, it may be enjoined and abated in the name of the people upon relation of a party aggrieved thereby; and it is not ground for reversal that the judgment operates to deprive the city of the use of any part of the creek for the deposit of its sewage.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. V. A. GREGG, Judge.

The facts are stated in the opinion.

*W. H. Spencer*, for Appellant.

*Wilcoxon & Bouldin*, for Respondent.

BELCHER, C.—This action was instituted by the people of the state of California, on the relation of Joseph

Lind, to abate an alleged public nuisance caused by the discharge of the sewage in the city of San Luis Obispo from the sewer system constructed therein and the vault located at the lower end thereof into the San Luis Obispo creek.

The cause was tried by the court, and very full findings of the facts were made and filed. As conclusions of law the court found "that the discharge of the sewage into the vault and receptacle (as complained of and found), and from thence into San Luis Obispo creek, is now and has been a public nuisance ever since a time prior to the commencement of this action. That the discharge of said sewage into said vault and creek will be a public nuisance between June first and December first of every year, and at all times when there is not water sufficient flowing in San Luis Obispo creek to carry away said sewage"; and that plaintiff was entitled to a judgment and decree "enjoining defendant, its officers, agents and servants, from discharging sewage from said sewer system or from said vault" into the creek between the dates named, "and at all other times when there is insufficient water flowing in said creek to carry said sewage away beyond the boundaries of said city."

Judgment was accordingly entered granting the relief which plaintiff was found to be entitled to; and from that judgment the defendant has appealed on the judgment-roll.

Only one point is made for a reversal. It is said: "San Luis Obispo creek is a living stream of water passing through the corporate limits of the city of San Luis Obispo and extending ten miles beyond same to a point where it empties into the Pacific Ocean. Under the judgment defendant is enjoined 'from discharging sewage . . . . into San Luis Obispo creek.' This includes *all* of the creek, and goes beyond the complaint, evidence and findings," and hence it is claimed that the judgment was unauthorized.

We see no merit in the point made. Defendant was

enjoined from discharging sewage from its sewer system, or from the vault described in the complaint, into San Luis Obispo creek. If the discharge of the sewage into the stream constituted a public nuisance, as found by the court, the continuance of that nuisance could certainly be enjoined. And that the discharge did constitute a nuisance is not questioned.

The judgment should be affirmed.

HAYNES, C., and CHIPMAN, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

McFARLAND, J., HENSHAW, J., TEMPLE, J.